UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ARG INTERNATIONAL, AG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:20 CV 580 JMB |
| | ) |
| OLIN CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

On November 1, 2021, this Court granted in part and denied in part Olin Corporation's motion for summary judgment (Doc. 25) on ARG International, AG's complaint for breach of contract and promissory estoppel. This Court found that there are questions of fact as to whether the parties entered into a valid and binding contract and that, on the record before the Court, the Statute of Frauds is satisfied (Counts I, II, and III). However, this Court also found that plaintiff had an adequate remedy at law and was therefore not entitled to judgment on its claim of promissory estoppel (Count IV).

This matter is now before the Court on defendant Olin Corporation's Motion for Reconsideration (Doc. 44). Olin argues that the Statute of Frauds is not satisfied because there is no writing evidencing ARG's acceptance of the contract at issue. Olin further argues that Count I, seeking specific performance for breach of contract, must fail as a matter of law because the Court granted judgment in its favor on the claim of promissory estoppel (Count IV). For the following reasons, the Motion is **GRANTED**.

**I.  Background**

The undersigned assumes familiarity with the November 1, 2021 Memorandum and Order and its contents will not be repeated here.  By way of brief summary, Olin's motion for summary judgment (Doc. 25) argued that: (1) there is no contract because there is no acceptance; (2) the Statute of Frauds bars enforcement because neither Olin nor ARG signed a document; (3) Olin is entitled to judgment on the promissory estoppel claim because it is legally barred by the Statute of Frauds and ARG cannot prove the elements of the claim.   As to the first argument, this Court found that there is a question of fact as to whether a contract was formed – namely, ARG presented evidence that it orally accepted the offer on March 27 and Olin disputes this contention.  As to the second argument, this Court found that a formal signature on a formal written contract is not necessary to comply with the Statute of Frauds; the email exchanges between the parties contained all the essential provisions of the contract and are sufficiently signed and authenticated by Olin.  As to the final argument, the Court found that ARG could not prevail on a promissory estoppel claim because it had a remedy at law in the breach of contract claim.  Thus, the November 1 Order addressed and resolved the arguments made by Olin in its motion for summary judgment.

In its reply brief (Doc. 37) and its response to ARG's motion for summary judgment (Doc. 38), Olin made an additional argument: that ARG's alleged acceptance of the offer is inconsistent with the Statute of Frauds because it was not in writing.  In response to this argument, ARG states that "the fact that ARG orally accepted Olin's offer is of no consequence" and cites to the Uniform Commercial Code (as codified by Missouri) in support of this proposition (Doc. 41, p. 3).  The November 1 Order did not address this specific argument.

**II.  Standard**

Motions to reconsider are limited to correcting "manifest errors of law or fact or to present newly discovered evidence."  Arnold v. ADT Sec. Servs., Inc., 627 F.3d 716, 721 (8th Cir. 2010) (quotation marks and citations omitted); Nelson v. Am. Home Assur. Co., 702 F.3d 1038, 1043 (8th Cir. 2012) (stating that motions to reconsider non-final orders are essentially Federal Rule of Civil Procedure 60(b) motions).  They cannot be used to present new arguments or evidence that could have been raised in the previous motion or to reargue previous positions.  Arnold, 627 F.3d at 721; Broadway v. Norris, 193 F.3d 987, 989-990 (8th Cir. 1999).  Olin argues, as it had done previously in its reply/response briefs, that ARG's oral acceptance of the contract is insufficient to satisfy the Statute of Frauds.  While a court is not obligated to address an argument made for the first time in a reply brief, see Purcell Tire & Rubber Co. v. MB Fin. Bank, NA, 2011 WL 1258299, at *5 (E.D. Mo. Mar. 31, 2011) ("As a general rule, courts will not consider arguments raised for the first time in a reply"), the undersigned should have addressed the argument in the November 1 Memorandum and Order and now takes the opportunity to do so.

**III.  Discussion**

Missouri's Statute of Frauds provides, in relevant part, that:

Except as otherwise provided in this section a contract for the sale of goods for the price of five hundred dollars or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing.

Mo. Ann. Stat. § 400.2-201(1) (West).[1]

---

[1] ARG has not argued that any of the remaining sections of the Statute of Frauds applies.

As set forth in this Court's previous Order, the email exchanges between Olin and ARG satisfied the signature requirement of the Statute of Frauds and are writings that contain the essential terms of the agreement, including the quantity of goods. The writings also represent an essential element of a contract, an offer to sell goods. However, Olin argues that even if ARG orally accepted the offer, it did not do so in writing and therefore the contract does not satisfy the Statute of Frauds. In support of its argument, Olin relies on Cent. Illinois Light Co. v. Consolidation Coal Co., 349 F.3d 488, 490 (7th Cir. 2003), in which the Seventh Circuit held that:

> The critical point—issues of signature, promptness, and temporal sequence to one side—is that the documentation presented by the party seeking to demonstrate compliance with the Statute of Frauds must 'indicate' or 'confirm' the existence of a contract. CILCO seems to think that it is enough that the documentation is consistent with the existence of a contract—that it does not negate the contract's existence—but that can't be right. The writing must, remember, be 'sufficient to indicate' that there is a contract. Its existence must, at the very least, be more probable than not. Otherwise the Statute of Frauds would have no application to a case in which the parties had exchanged documents in the course of negotiations; and that is not the law. A mere written offer, without written proof of acceptance, would then satisfy the Statute of Frauds, and that is not correct either. The documentation must enable an inference to be drawn that there was a contract, though once that has been established the parties are free to present oral evidence of the contract's terms—all but the quantity term, which must be stated in the writing that establishes compliance with the Statute of Frauds.
>
> Id. at 490-1 (citations omitted).[2]

Thus, the Statute of Frauds requires all elements of a contract, offer and acceptance, to be in writing. Similarly, in Smith v. Int'l Paper Co., 87 F.3d 245 (8th Cir. 1996), the Eighth Circuit in a *per curiam* opinion, found that a contract for the sale of property did not satisfy the Statute of Frauds because there was no written acceptance. In that case, plaintiff and defendant signed a written agreement for the purchase of a lumberyard. Plaintiff did not comply with an essential term of that agreement (securing Small Business Administration Financing) and it "'just died' and

---

[2] Illinois' and Missouri's Statute of Frauds are virtually identical. Compare Mo. Ann. Stat. § 400.2-201(1) (West) with 810 Ill. Comp. Stat. Ann. 5/2-201(1) (West).

'went away.'" Id. at 247. A few months later, plaintiff submitted a written offer to which defendant sent an email message seeking "confirmation that [the] latest proposal included an undertaking to retain the lumberyard's employees" to which plaintiff verbally agreed – defendant subsequently orally accepted the offer. Id. Within three weeks, defendant rejected the offer and sold the lumberyard to another person. On these facts, the Eighth Circuit found that:

> None of the remaining documents of record, individually or in combination, contain either an offer by IP to sell the lumberyard, or IP's acceptance of an offer by Smith to buy it. IP's E-mail message concerning the retention of employees merely sought to clarify an implied term of Smith's cryptic November 16 offer. IP's deposit of Smith's $10,000 check is insufficient because part payment of the purchase price for real estate is not partial performance that removes an oral contract from the Statute of Frauds." Id.

See also Anton v. US Bank Nat'l Ass'n, 2020 WL 6882653, at *6 (N.D. Tex. July 10, 2020), aff'd sub nom. Anton v. US Bank Tr. Nat'l Ass'n, 2021 WL 4609821 (5th Cir. Oct. 6, 2021) ("Plaintiff must show evidence of an agreement through an offer and acceptance in writing. The Statute of Frauds requirement is not satisfied as there is no written evidence of an agreement to resolve the default in May 2018. Therefore, any alleged agreement is unenforceable and Plaintiff's breach-of-contract claims are precluded."). ARG has the burden of providing proof of a written acceptance.

It is undisputed that there is no written acceptance of Olin's offer to provide caustic soda; ARG has presented no evidence (or argument) that Mayer either accepted Olin's offer in writing immediately after the disputed March 27th phone call or that he unequivocally accepted Olin's offer (again in writing) at any point thereafter.[3] In Mayer's subsequent e-mail to Garber on April 2nd, he stated:

---

[3] See ARG's statement of undisputed material fact ¶ 57: "On March 27, 2020, Mayer called Garber . . . to communicate that ARG agreed to the deal at the price of $254 DMT." (Doc. 34, p. 9).

> As this contract is between ARG and Olin, and LAlumina is not involved, you can communicate directly with me and do not need to include LAlumina in the communication.
> Please send me your contract draft for my review whenever convenient. Once we have agreed on contract terms and wording , I'll be able to send you ARG's PO.
> (Doc. 34-26, p. 2).

Certainly, Mayer was operating under the assumption that a contract existed between ARG and Olin. However, the question of whether a contract exists and whether there is a writing evidencing the contract that satisfies the Statute of Frauds are two distinct questions. Central Illinois Light Co., 349 F.3d at 492 ("In principle, of course, and often in practice, the question whether the Statute of Frauds has been satisfied is separable from the question whether there was a contract. There could be an oral contract that, were it not for the Statute of Frauds, would be provable by oral testimony; or the Statute of Frauds might be satisfied yet a full trial show that really there was no contract—that the document evidencing it was contradicted by more persuasive evidence, oral or written."). While the emails themselves contained the essential terms of the agreement, the April 2nd email was not an unequivocal written acceptance of Olin's offer. Indeed, there is no written acceptance of Olin's offer through email or otherwise. See e.g. Int'l Casings Grp., Inc. v. Premium Standard Farms, Inc., 358 F. Supp. 2d 863, 870, 872 (W.D. Mo. 2005) (finding that an email response "ok" to proposed modifications to a written contract represented agreement and satisfied the Statute of Frauds). And, the record does not show any performance by ARG that may constitute an exception to the Statute. See Shumate v. Dugan, 934 S.W.2d 589, 593 (Mo. Ct. App. 1996) ("An oral contract is valid and enforceable, irrespective of the Statute of Frauds when there is proof of partial performance in furtherance of the agreement.").

In response, ARG argues that the Statute of Frauds itself does not require written acceptance but cites to no case authority that would support this proposition. The Statute of Frauds plainly states that there must be "some writing sufficient to indicate that a contract for sale has

been made between the parties." That is, there must be some writing to show that a contract exists and a contract can only exist if there is an offer, acceptance, and consideration. There is no writing in this case that would represent an acceptance. Nonetheless, ARG relies on Sedmak v. Charlie's Chevrolet, Inc., 622 S.W.2d 694, (Mo. App. Ct. 1981), for the proposition that "[t]he 'some writing' requirement serves the purpose of preventing fraud and does not mandate a particular form." In that case, however, the Missouri Court of Appeals held that when "there is no dispute as to quantity, part payment for a single indivisible commercial unit validates an oral contract under" the Statute of Frauds. Id. at 699. There is no partial payment in this case that would warrant the equitable considerations that drove the conclusion in that case. See Shumate v. Dugan, 934 S.W.2d 589, 592 (Mo. App. Ct. 1996) ("An oral contract is valid and enforceable, irrespective of the Statute of Frauds when there is proof of partial performance in furtherance of the agreement."). Accordingly, Olin is entitled to judgment on Counts I, II, and III asserting specific performance, breach of contract, and anticipatory breach of contract.[4] Because this ruling does not require reconsideration of the Court's original finding on Count IV, and ARG has not sought any such reconsideration, judgment will be entered in favor of Olin and against ARG on the entirety of its complaint.[5]

---

[4] In light of this conclusion, it is unnecessary to address Olin's additional argument that it is entitled to judgment on Count I (specific performance) because this Court found that ARG is not entitled to equitable relief based on promissory estoppel (Count IV).

[5] See Tension Envelope Corporation v. JBM Envelope Company, 876 F.3d 1112, 1117-1118 (8th Cir. 2017) (after noting that permitting recovery under promissory estoppel on a claim barred by the Statute of Frauds would nullify the requirements of the Statute, stating that no extraordinary circumstances warrant application of the equitable remedy); See also 168th and Dodge, LP v. Rave Reviews Cinemas, LLC, 501 F.3d 945 (8th Cir. 2007) (discussing promissory estoppel in the context of Nebraska's Statute of Frauds).

**IV.  Conclusion**

  **IT IS HEREBY ORDERED** that Olin Corporation's Motion for Reconsideration (Doc. 44) is **GRANTED** and the November 1, 2021 Memorandum and Order (Doc. 43) is **VACATED in part** only to the extent that it is inconsistent with this Memorandum and Order.

  **IT IS FURTHER ORDERED** that Olin's Motion for Summary Judgment (Doc. 25) is **GRANTED** in its entirety.  All deadlines and hearings are **VACATED**.  The Clerk of Court is **DIRECTED** to enter judgment accordingly.

            */s/ John M. Bodenhausen*
            JOHN M. BODENHAUSEN
            UNITED STATES MAGISTRATE JUDGE

Dated this 11th day of January, 2022